JOHN G. BRILL, Appellant, v. BOARD OF SUPERVISORS OF SAC COUNTY et al., Appellees.

DRAINS: Assessments—Harmless Error. An assessment on lands within a drainage district, for repairs, is not invalidated by the fact that part of the repair cost is assessed on lands *without* the district.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

FEBRUARY 6, 1923.

THE plaintiff appeals from an assessment made upon his lands for the cost of certain drainage improvements. The nature of the objections made to such assessments will be more particularly stated in the following opinion. Another appeal was taken by one J. Lowell Wilson on similar grounds, and by agreement of parties, both actions are submitted upon the same record. The trial court overruled the objections made, and confirmed both assessments, and plaintiffs appeal.—*Affirmed.*

*Malcolm & Currie* and *R. L. McCord,* for appellants.

*Elwood & Tourgee* and *Jacobs & McCaulley,* for appellees.

WEAVER, J.—The case comes to us in a somewhat peculiar manner. The objection made to the assessments not only denies

the jurisdiction of the board of supervisors to levy the same upon appellant's property, but also denies that the same was equitably apportioned. There appears, however, to have been a stipulation of the parties that the controversy should be submitted "on the legal questions involving jurisdiction and method of assessment, and if, in the opinion of the court, the case should be also submitted upon the amounts of such assessments, that question shall be submitted later, and both parties have the opportunity of introducing evidence." Such a method of trying a case in piecemeal is not to be approved. The appeal from the assessment levied by the board brings the case into court for an adjudication of all the issues joined therein, and it is not competent for the parties by stipulation or otherwise to split them up and try them *seriatim*, reserving the right to have two or more judgments and two or more separate rights of appeal. The court, especially where the cause is tried in equity, should insist that the parties submit their case as an entirety, and let the whole controversy be settled by a single decree. The scope of the inquiry for the consideration of this court, as restricted by the stipulation referred to, and as limited by the argument of counsel, leaves us nothing to pass upon except the jurisdiction of the board of supervisors to order the improvement and levy the assessment. The determination of this issue is made to depend on the further question whether this drainage improvement involved the establishment of a new and independent drainage district or was simply a reconstruction, repair, or improvement made upon an existing system of drainage.

It is conceded that, several years prior to the proceedings now in question, two drainage districts, No. 3 and No. 21, were legally and properly established, and that the lands owned by the appellants, Brill and Wilson, are included within the territory of said District No. 3. That the ditch provided for by said establishment was constructed, the cost thereof duly assessed upon all these lands, and the same duly paid, is also conceded. It is further agreed that, after said drain had been completed and had been in practical use for a period, one Carl Olson, owning certain lands in said District No. 3, presented a petition to the board of supervisors of Sac County, stating that the main drain in said district did not provide an adequate outlet for

the drainage of his and other lands in said district, and asked that the board appoint a competent engineer to make an examination and report a plan for the repair or reconstruction of said drain, so that the lands within the district needing drainage might be provided with a more suitable outlet. Acting upon this petition, the board appointed one Holmes as engineer, to make the desired examination and report. The engineer's report was to the effect that the ditch and tile were not laid deep enough nor of sufficient capacity to effectively drain a considerable portion of the district. He also reported, in substance, "that to reconstruct the entire line from the existing outlet up to the lands needing relief would be very expensive, and proposed a plan for an additional outlet, by beginning on the existing main and cutting through a ridge or elevation on the south side thereof to a point of discharge in that direction, thus saving distance and expense. This plan, he said, was considerably shorter than to follow down the old line, but deeper for a short distance only, and would drain the lands under consideration and relieve all lands below it to such an extent that no new line would be necessary to the present tile outlet." Going beyond the requirements of his appointment, the engineer added a recommendation that the lands included in District No. 3 and District No. 21, together with additional lands shown on certain maps, be included in one district. Notice of hearing before the board upon the Olson petition was duly published. The appellants herein, with others, appeared to these proceedings, and objected thereto. When the hearing was finally had, the engineer's report was approved, the objections thereto were overruled, and the proposed improvement was ordered made. From this order none of the objectors appealed. Claims for damages were settled, and after due advertisement, the contract for the work was let. Thereafter, commissioners were appointed, to assess the cost and expenses so incurred. Upon the hearing before the board, the appellants herein appeared and filed objections to the assessment upon their lands. These objections were to the effect that their lands were duly assessed for the original improvement of District No. 3, and that the assessments have been paid; that the improvement as originally made served its purpose; and that plaintiffs have tiled and improved their

lands in connection therewith. It is further alleged, in substance, that, while the Olson petition was for repair or reconstruction of an existing drain in an existing district, and not for the establishment of a new drainage district, and conferred no jurisdiction upon the board to establish one, the board did proceed, without authority, to establish a new drainage district known as No. 73, including the lands of the appellants, and unlawfully and without authority levied the disputed assessments, to pay the costs and expense so incurred.

It is this last objection which is principally stressed by counsel for appellants, and to that we shall confine our attention. Appellants do not deny the authority of the board, when properly invoked, to order a repair of an existing drain. Such authority is expressly conferred by Code Supplement, 1913, Section 1989-a21, where it is made the duty of the supervisors to keep the drains in repair "and for that purpose they may cause the same to be enlarged, reopened, deepened, widened, straightened or lengthened for a better outlet, and they may change or enlarge the same." By Section 1989-a25 of said Code Supplement, it is further provided that, if any drainage district shall prove insufficient to drain all the lands necessarily tributary thereto, the board, upon petition therefor as for the establishment of an original district, shall have authority to establish the necessary improvement. Now it is true that the Olson petition in this case was not for the establishment of a new district; and for the purpose of this case, it may be admitted that the board was not authorized to establish one. It may also be admitted that the engineer, after indicating how the drainage of the lands in District No. 3 could be improved by the opening of the described additional outlet, proceeded in excess of his authority to advise that the lands thereby benefited should be included within a new district, the effect of which would be to relieve District No. 3 of a part of the burden of the cost and expense so incurred, by apportioning it in part to other benefited lands in that vicinity. It may still further be admitted that the supervisors did approve the report, and thereafter, in several instances, seemed to recognize the existence of the alleged new District No. 73, and did levy upon the lands in No. 3 (including the lands of the appellants) a con-

siderable part of the cost of the improvement; and for the pur-
poses of this case we may concede (though we do not so decide)
that, in so far as the board undertook to spread a part of the
cost upon lands outside of District No. 3, the act was void and
of no effect; yet it does not follow that the assessment of appel-
lants' property was invalid. Their lands are all admittedly in
District No. 3, and the expense properly incurred in making the
repair or improvement, as authorized by Code Supplement, 1913,
Section 1989-a21, above cited, is by said statute made a charge
upon the property in such district in the same proportion that
the original cost and expense of improving the district were
levied and assessed. That the project of this improvement was
initiated for the repair of the existing ditch in No. 3, by giving
it a more effective outlet, as authorized by Code Supplement,
1913, Section 1989-a21, is clearly shown by the petition there-
for; and the report of the engineer described the proposed work
as intended to relieve the conditions caused by an insufficient
and ineffective outlet. The order of the board approving this
report describes the plan as one for "improvement of District
No. 3," and such is the scope and purpose of the work author-
ized and ordered, as shown by the official record of the proceed-
ings of the board. While these proceedings were still in prog-
ress, the attention of the board appears to have been directed to
the ambiguity or confusion created in its records by its refer-
ence to or recognition of "District No. 73," and they passed
an explanatory resolution to the effect that all proceedings
theretofore had under that title were had and done for the pur-
pose of repairing the ditch in District No. 3, to make a better
outlet and promote the best interests of the public rights af-
fected thereby. As we have before stated, the board did not
assess all the cost and expense of the work upon District No. 3,
as it lawfully might have done, but spread it in part upon other
lands receiving benefits therefrom. None of the owners of the
additional lands so charged are shown to have objected thereto
or appealed therefrom. The inclusion of such lands in the as-
sessment could work no prejudice to the appellants in District
No. 3. The right of the property owners in District No. 3 was
to insist that they be assessed no more than their reasonable or
equitable proportion of the expense, and there is nothing in

the record before us to impeach the fairness of the apportionment made. This cannot be done by showing that *some* of the land was adequately drained by the original outlet. The outlet of the ditch is a common benefit to the entire district. Each owner within the territory is served by the same outlet, and each is required to contribute his proportionate share to its proper construction or cost of its maintenance and operation. For example, the record tends to show that, as originally constructed, the outlet was sufficient to drain a part of the lands, while other parts were not drained at all. All these lands, both those which were well drained and those which were not, were assessed for the original construction; and it is no more than equitable that all contribute in the same proportion to the expense of making the outlet sufficient for its intended purpose.

There is nothing whatever in the character or nature of the improvement made in this ditch to justify a finding that the board undertook the establishment of a new or independent ditch, or that it exceeded its statutory power or jurisdiction for the repair and improvement of the existing ditch in said district.

In our opinion, the trial court properly confirmed the assessments appealed from.—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.